SMITH & SHOEMAKER *v.* SAMUEL T. ATKINS.

RES JUDICATA. *When conclusive.* Where a plea to a declaration in trespass avers a former judgment for the same cause of action, and the replication fails to deny that the cause of action in both suits was the same, but merely states that the former suit was not prosecuted for certain parts of the same cause alleged in both declarations, and that no recovery was had thereon: *Held,* insufficient on demurrer.

Case cited: Carraway *v.* Burton, 4 Hum., 108.

FROM MONROE.

Appeal from a judgment of the Circuit Court at Madisonville, rendered at its May Term, 1873. Hon. D. K. YOUNG, presiding by interchange.

THORNBURGH & MCGUFFEY and JNO. BAXTER for plaintiffs in error.

No counsel marked for defendant.

DEADERICK, J., delivered the opinion of the court.

This is an action of trespass from Monroe Circuit Court by plaintiffs against defendant for entering upon plaintiff's premises, and wantonly and forcibly pulling down plaintiffs furnace, buildings, and machinery erected thereon, and carrying away and destroying the same, etc.

The defendant pleads that he was sued in Knox county for the same cause of action, and that judg-

ment was obtained against him for $300, which judgment was in full force, etc. Defendant sets out in part the declaration in the suit in Knox County Court, which alleges that defendant unlawfully and maliciously entered upon said premises so owned and possessed by the plaintiffs, and wantonly and maliciously pulled down plaintiffs furnace, buildings, and machinery erected thereon, and took and carried away, etc.

To this plea defendant replied: That in the case which was tried in the County of Knox, there was no recovery for the trespass and injury to the freehold set out in the declaration, but that said suit mentioned in the plea was prosecuted only for the value of the personal property taken and carried away by said defendant, and that the judgment of the court and assessment of damages did not include any trespass to the freehold furnaces, and other property attached to the freehold, etc.

The defendant demurred to this replication:

1. Because it showed a recovery in another action for part of the cause of action on which this suit is founded.

2. Said replication neither sufficiently denies nor confesses, and avoids the plea.

The Circuit Judge sustained the demurrer, and gave plaintiffs leave to reply to the plea, and plaintiffs declining to further reply to the plea, the court rendered judgment, dismissing plaintiffs' suit, from which they have appealed to this court.

We are of opinion that the replication is not a sufficient answer to defendant's plea.

The plea avers that the cause of action for which he, defendant, was sued in the Circuit Court of Knox county was the very same cause of action for which he is sued in this court.

The answer to this averment is that plaintiffs did not recover anything for the trespass and injury to the freehold in the suit in Knox Circuit Court, but that suit was prosecuted only for the value of the personal property taken, etc.

The replication should have denied the averments of the plea, or have confessed and avoided them.

This it does not do. It is no answer to say the plaintiffs had failed to recover in their suit, and it may be true that they prosecuted said suit only for the value of the personal property taken, etc., and yet the averment that the cause of action was the same in both cases may also be true. The plaintiffs, for want of proof, might abandon the prosecution for part of the cause of action, yet a judgment upon the whole case would be conclusive against their right to prosecute for any part of the same cause of action.

The replication does not deny that the cause of action is the same in both suits, but states that the suit in Knox was not prosecuted for certain parts of the same cause alleged in both declarations, and no recovery had thereon. This may be true, and yet constitute no defense. If a suit is brought for $100, and $50 only recovered, the claim to the other $50 in that case being abandoned or relinquished, the judgment is nevertheless a bar to the recovery of the $50 so relinquished. So, if an action of trespass is brought

for several articles of property, and the plaintiff fail in his proof as to part, and judgment is for part only of the property sued for, there can be no recovery in another action for such part as was not recovered in the former suit: 4 Hum., 108.

The result is, there was no error in sustaining the demurrer, and the judgment must be affirmed.